| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK | |

UNITED STATES OF AMERICA

              v.                            CASE NO. 8:17-CR-149 (NAM)

THOMAS BURNELL,

              Defendant.

## DEFENDANT'S MOTION IN LIMINE

### I.      PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Thomas Burnell's motion in limine to: (1) prohibit the Government from using evidence of Burnell's criminal conviction should he testify; (2) from offering evidence of Burnell's other crimes during the Government's case in chief pursuant to Rules 609 and 404(b) of the Federal Rules of Evidence, and (3) to redact portions of his audio/video statement to police as they relate to other prejudicial matters and bad acts.

### STATEMENT OF RELEVANT FACTS

Defendant Thomas Burnell, ("Burnell") is charged in a single count indictment with distribution of a controlled substances in violation of 21 U.S.C. §841(a)(1), that being heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance. (Dkt. No. 15). Additionally, the indictment charges that the controlled substances distributed by Mr. Burnell caused the death of an individual, "J.G." who ingested them, in violation of 21 U.S.C. § 841(b)(1)(C).

**II.     ARGUMENT**

**A. The government may not impeach the defendant's testimony with evidence of his prior misdemeanor convictions in this case.**

Rule 609 of the Federal Rules of Evidence governs impeachment by proof of a defendant's criminal convictions if the crime was punishable by death or imprisonment in excess of one year **and** if the probative value of the evidence outweighs its prejudicial effect to that defendant. See FRE 609(a)(1)(B)[1] and (a)(2).   Likewise, Rule 609(b) sets limits on using the convictions if "more than 10 years has passed since the witnesses conviction and release from confinement for it, whichever is later."

Burnell has the following misdemeanor convictions, which were not punishable by imprisonment by more than one year **and** are more than 10 years old:

- August 23, 1998 -Tampering with a witness in the Fourth Degree (PL. § 215.10). Sentenced as Youthful Offender to five months after probation violation.
- August 14, 1999- Endangering the Welfare of a Child (PL § 260.10(1). Sentenced to 180 days.
- May 24, 2001- Petit Larceny (PL § 125.25) . Sentenced to a one year conditional discharge.
- May 24, 2001 – Criminal Trespass in the Second Degree (PL §140.15). Sentenced to a fine.
- May 7, 2002- Sexual Misconduct (PL § 130.20); CPCS 7th (PL § 220.03); Criminal Possession of a hypodermic instrument (PL  § 220.45).  Sentenced to 60 days jail plus 3 years probation.

The only way evidence of a misdemeanor conviction greater than 10 years old can be admitted into evidence is if : (1) the probative value outweighs its prejudicial effect; and 2) the proponent gives the adverse party reasonable written notice of the intent to use it. Here the government has given no notice of the intent to use any of the above crimes.  Additionally, the above convictions are remote in time as they occurred when Burnell was between 16 and 20 years of age. They are not relevant to his veracity. The nature of the convictions, especially,

---

[1] FRE 609(a)(2) does not appear to apply in this case. This section reads "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving, or the witness admitting- a dishonest act or false statement.

Tampering with a witness in the Fourth Degree, Endangering the Welfare of a Child and Sexual Misconduct are highly prejudicial with no probative value whatsoever.

Burnell has the following misdemeanor conviction which was not punishable by more than one year, but was sustained in the last ten years that should be excluded as impeachment evidence under FRE 609(a)(1)(B) in that the probative value of the evidence is far outweighed by its prejudicial effect:

- August 19, 2014- Assault in the 3rd Degree (PL 120.00). Sentence 6 months incarceration.

This conviction sheds no light on the Burnell's truth or veracity and only goes to his propensity to commit violent acts. As such, it should be excluded, especially since the indictment accuses Burnell of causing the victim's death.

B. **Burnell has the following felony convictions, which should be excluded as impeachment evidence under FRE 609(a)(1)(B), in that the probative value of the evidence is far outweighed by its prejudicial effect.**

- February 3, 2003 – Sexual Abuse in the First Degree (PL §130.65) – sentenced 5 years incarceration.

- January 9, 2012 – Sexual offender failure to change address (Corrections Law §168(f)). Sentenced 1-3 years.

- March 11, 2016 - Sexual offender failure to change address (Corrections Law §168(f)). Sentence 1 year.

In considering the prejudicial effect of the conviction, the Supreme Court has held there is no question that informing the jury of the name or nature, or even the existence, of a defendant's prior felony conviction creates a risk of unfair prejudice to the defendant. See *Old Chief*, 519 U.S. at 652. The holding in *Old Chief* rested on the principles underlying Federal Rule of Evidence 403, which renders evidence inadmissible where "its probative value is substantially

3

outweighed by the danger of unfair prejudice . . . ." In this context, "'unfair prejudice' . . . means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee's Note. In the context of a criminal case, "unfair prejudice. . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id*.

Some of the factors which this Court should take into account in making the admissibility determination of the prior crimes include the impeachment value of the prior crime; the point in time of the conviction and the witness's subsequent history; the similarity between the past crime and the charged crime; the importance of the defendant's testimony; and the centrality of the credibility issue. *Id*. (citing 3 J. Weinstein, Evidence, P 609(03) at 609-78 to 609-75 (1975)).

The only reason the Government would seek to introduce Mr. Burnell's sexual offense convictions would be to prove that Mr. Burnell is a sexual offender who has a propensity to commit crimes, which is improper and specifically prohibited. Likewise, the sexual offense convictions are inadmissible under Rule 609(a)(2) as a crime involving dishonesty or false statement. Rule 609(a)(2) is "restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes) .... [and thus] crimes of force such as armed robbery or assault, or crimes of stealth, such as burglary or petit larceny ... do not come within this clause." *United States* v. *Hayes,* 553 F.2d 824, 827 (2d. Cir. 1977).

**B. Burnell's Statement to Police Should Be Redacted to Eliminate References to Irrelevant, Highly prejudicial remarks which would deprive Mr. Burnell of his right to a fair trial.**

To the extent that Burnell's May 17, 2016, audio/video recorded statement to police is referenced or admitted into evidence, it should be redacted to eliminate statements where the probative value of such evidence is substantially outweighed by unfair prejudice. See FRE 403. Specifically, there are statements revealing that Burnell is on the sex offender registry [Time 1:55-2:09]. There are statements regarding his associations with various racist and violent gangs while in prison including the "Aryan Brotherhood," "Hell's Angels," "HA," and "Dirty Dogs." In this same segment there are also other prejudicial references to violent acts Burnell committed while in prison including stabbing and assaulting persons including one reference to burning tattoos off of an informant's back.  [55:20 through 58:00].   Finally there is a reference that Burnell can't be around his niece and nephew (presumably because he is a registered sex offender) and that and he would "kill anyone" who hurt them  [59:00-59:32]  These events are irrelevant to the charges in the indictment and are also inadmissible for impeachment purposes under Federal Rules of Evidence 403, 404, and 609. Furthermore, the government has not provided any notice that it intends to introduce any of this evidence in their case-in-chief.

Additionally, should the video/audio be entered in to evidence, it should be redacted in such a way as to eliminate any blank spaces that would invite speculation on behalf of the jury. As the Supreme Court has explained, whether or not a redaction sufficiently protects a criminal defendant's rights "depend[s] in significant part upon the kind of ... inference" that the jury may draw in light of the redaction. *Gray v. Maryland,* 523 U.S. 185, 196 (1998). Here, because the audio/video is only one hour long and there are only three sections that need to be redacted the burden of omitting the offending references is a very minimal.

5

III.     **CONCLUSION**

WHEREFORE, for the forgoing reasons, the government should not be permitted to introduce evidence relating to Mr. Burnell's prior convictions or other bad acts or impeach him with such evidence should he testify. Additionally, Mr. Burnell requests that the statement he made to police be redacted to eliminate reference to highly prejudicial remarks as outlined above as they have no probative values and would deprive him of his right to a fair trial.

DATED:    February 22, 2018                    Respectfully submitted,
          Syracuse, New York

                                               LISA A. PEEBLES
                                               Federal Public Defender

                                      By:      Randi Juda Bianco
                                               Assistant Federal Public Defender
                                               Bar Roll No.: 507514
                                               Clinton Exchange, 3rd Floor
                                               4 Clinton Square
                                               Syracuse, New York 13202
                                               (315) 701-0080

Cc:   Douglas G. Collyer, AUSA
      Thomas Burnell