IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

                        Case No.  8:17-CR-149 (NAM)

       v.

THOMAS A. BURNELL,              GOVERNMENT'S SENTENCING
                                                       MEMORANDUM
       Defendant.

_____

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant be sentenced to a term of imprisonment of two hundred sixteen (216) months of imprisonment, to be followed by a period of supervised release of between three (3) years and life.  Additionally, the government requests that the court order the defendant to pay a special assessment of $100.00.  As it does not appear that the defendant has the means to pay a fine, the government is not seeking the imposition of a fine.

# I

## INTRODUCTION

      On April 27, 2018, the defendant was convicted by plea of guilty to an indictment charging distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

      The charges arose from the defendant selling J.G. two bags of what the defendant believed to contain heroin, for $70 on January 16, 2016.  The defendant promoted the substance in text

message by texting J.G., "its fire bro"[1] and in person by telling J.G., "It's fire. It's killer and it's fire" and "Bro, it's going to rock you."

After purchasing the bags, J.G. ingested the substances the defendant sold him, which was heroin mixed with fentanyl. The ingestion of the heroin and fentanyl caused J.G.'s death due to opiate overdose. A second person ingested some of the substances sold by the defendant and lost consciousness, but did not die.

The parties have entered in to a plea agreement pursuant to Rule 11(c)(1)(C), whereby the parties agree that a sentence of 216 months (18 years) incarceration, a term of supervised release of between 3 years and life, a fine of up to $1,000,000, and a $100 special assessment is the appropriate disposition of the case, subject to Court approval.

The defendant is currently scheduled to be sentenced on August 20, 2018.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum and Minimum Sentences**

The defendant's conviction for distribution of a controlled substance, in violation of in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), subjects the defendant to a statutory maximum term of 20 years, a maximum fine of $1,000,000, and a term of supervised release of between 3 years and life. *See* 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(b)(2). The defendant is required to pay a special assessment of $100, due and payable at or before sentencing. *See* 18 U.S.C. § 3013.

---

[1] "Fire" is a common slang term for potent heroin.

2

**2.      Guidelines Provisions**

   **a.      Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for 21 U.S.C. § 841(a)(1) and (b)(1)(C) is 12 under U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(14). The government agrees with probation's determination that there are no applicable specific offense characteristics.

The government agrees with probation's determination of the multiple count adjustment under U.S.S.G. § 3D1.4(a) and that the adjusted combined offense level is 15.

   **b.      Acceptance of Responsibility**

The government agrees with the Probation Department's determination that the defendant is entitled to credit for acceptance of responsibility. The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

   **c.      Criminal History Category**

 According to the presentence report, the defendant's criminal history category is V. The government agrees with the Probation Department's determination of the defendant's criminal history category.

   **d.      Guidelines Range and Sentence**

As described above, the combined offense level is 13 and the criminal history category is V. This is consistent with the calculations in the presentence report. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive

a sentence of 30 to 37 months imprisonment; a fine of between $5,500 and $1,000,000; a $100 special assessment; and a supervised release term of at least three years and up to life.

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to 216 months (18 years) incarceration, a term of supervised release of between 3 years and life, and a $100 special assessment, as the appropriate disposition of the case. Pursuant to U.S.S.G. § 6B1.2(c), the Court may accept a Rule 11(c)(1)(C) plea agreement if the Court is satisfied that the agreed upon sentence is outside the application guidelines range for justifiable reasons. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

**The Nature, Circumstances, and Seriousness of the Offense.** The term "heroin epidemic" has been oft-used and this case represents the worst case scenario for such phrasing, as a life was lost. There was not extended drug use by J.G. prior to his death on January 16, 2016. J.G. was in treatment at the time of his death, and had been in treatment and clean since at least September 2015. J.G. tested clean at his last test on January 6, 2016.

There is no doubt the defendant did not intend to cause J.G.'s death, however, each time fentanyl-laced heroin is sold and ingested, it is only by the mercy of fate that it does not take a life. While heroin users absorb the risk that the drugs they ingest may kill them, those who peddle drugs assume the now well-known risk that their actions could take a life, and that the law, as enacted

by representatives of the citizens of the United States, holds them responsible, whether the victim was friend or stranger.

**The History and Characteristics of the Defendant**.  The defendant's overall criminal history began in 1998 and continued to the instant offense.  He is a twice convicted sex offender, who then was twice convicted of failing to register as a sex offender.  His criminal history further includes assaults, drug possession, and theft.  His criminal history is so extensive, he's reportedly unable to recall details of multiple arrests.

He repeatedly defaulted to boastful hyperbole about his violent exploits in his interview with police and in his letters from jail.  The agreed upon disposition secures the defendant's removal from society for a significant time period.

**Respect for the Law, Just Punishment, and Deterrence**.  The Court need not look far to be made aware of the issues of overdose fatalities sweeping the United States.  The defendant contributed to the problem through his sales of fentanyl-laced heroin, with tragic results.

The agreed upon disposition in this case will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others.[2]

---

[2] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h).  Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 30th day of July 2018,

GRANT C. JAQUITH
United States Attorney

By: */s/ Douglas G. Collyer*
Douglas G. Collyer
Assistant United States Attorney
Bar Roll No. 519096

## CERTIFICATE OF SERVICE

  I hereby certify on July 30, 2018, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

/S/ *Douglas G. Collyer*